United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60027
Summary Calendar

DANA M. HERMAN,

Plaintiff-Appellant,

versus

CITY OF SHANNON, MISSISSIPPI; TOMMY EDWARDS, Individually and in
His Official Capacity as an Officer with the City of Shannon
Police Department; TERRY WESTBROOK, Individually and in His
Official Capacity as an Officer with the City of Shannon Police
Department,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:02-CV-309-M
--------------------

Before HIGGINBOTHAM, DAVIS and Prado, Circuit Judges.

PER CURIAM:[*]

Dana M. Herman appeals the district court's order granting

summary judgment in favor of the City of Shannon, Mississippi,

and Police Officers Tommy Edwards and Terry Westbrook.  Herman

argues that neither she nor Amos McCoy did anything to justify

the use of deadly force as Officer Edwards was not injured by

McCoy and the only violations committed by McCoy were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

misdemeanors.  A review of the record indicates that the district court did not err in determining that the actions of Officers Edwards and Westbrook were objectively reasonable under the circumstances as McCoy posed a threat of serious physical harm to the officers by driving his truck toward them at a high rate of speed when they were standing only a few feet away from the truck.  See Graham v. Connor, 490 U.S. 386, 395 (1989); Fraire v. City of Arlington, 957 F.2d 1268, 1276 (5th Cir. 1992).

Herman argues that the district court erred in granting a summary judgment in favor of the City of Shannon on her claim that the City failed to train its officers and lacked a custom or policy to insure that its officers avoided the use of unnecessary deadly force.  Because Herman has not demonstrated a constitutional violation, the district court did not err in determining that Herman had not established that the City of Shannon was liable under 42 U.S.C. § 1983.  See McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 312 (5th Cir. 2002), cert. denied, 537 U.S. 1194 (2003).

AFFIRMED.